UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RIVERHEAD PARK CORP., STANLEY
BLUMENSTEIN and LAURENCE OXMAN,

               Plaintiffs,       **MEMORANDUM OF**
                                            **DECISION AND ORDER**
          -against-             07-CV-4133 (ADS)(ARL)

PHILIP CARDINALE, individually, GEORGE
BARTUNEK, individually, BARBARA BLASS,
individually, LEROY E. BARNES, individually,
DAWN C. THOMAS, individually, ROSE
SANDERS, individually, and THE TOWN OF
RIVERHEAD,
               Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Campanelli & Associates, P.C.**
*Attorneys for the Plaintiffs*
623 Stewart Avenue, Suite 203
Garden City, NY 11530
      By:    Andrew J. Campanelli, Esq.
                David Antwork, Esq., Of Counsel

**Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP**
*Attorneys for the Defendants*
456 Griffing Avenue, P.O. Box 389
Riverhead, NY 11901
      By:    Phil Siegel, Esq., Of Counsel

**Jaspan, Schlesinger & Hoffman, LLP**
*Attorneys for the Defendant Thomas*
300 Garden City Plaza
Garden City, NY 11530
      By:    Stanley A. Camhi, Esq.
                Laurel R. Kretzing, Esq.
                Maureen T. Liccione, Esq., Of Counsel

**SPATT, District Judge.**

       The Plaintiffs Riverhead Park Corp. ("RPC"), Stanley Blumenstein, and Laurence

Oxman commenced this action against the Town of Riverhead ("Town") and, individually,

against Philip Cardinale, George Bartunek, Barbara Blass, Leroy E. Barnes, Dawn C. Thomas, and Rose Sanders ("the Defendants") pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, alleging conspiracy and violations of the Plaintiffs' procedural due process rights, substantive due process rights, and equal protection rights under the Fifth and Fourteenth Amendments. The Defendant Thomas now moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56, dismissing the Complaint insofar as it asserts allegations against her individually. The Plaintiffs oppose this motion. In addition, the Plaintiffs cross-move to amend the Complaint to add state law and § 1983 malicious prosecution claims and to withdraw and eliminate causes of action for equal protection and conspiracy.

For the reasons set forth below, Defendant Thomas' motion for summary judgment dismissing the complaint against her individually is granted, and the Plaintiffs' cross-motion to amend the Complaint is granted with respect to the withdrawal of claims and denied with respect to the addition of claims.

## I. BACKGROUND

### A. The Initial Dispute

The Plaintiffs are the former owners of a thirteen (13) acre parcel of land ("the Parcel") located on the south side of County Route 58, in the Town of Riverhead, Suffolk County, New York. The Defendants are the Town of Riverhead and several of its board members and employees. Defendant Thomas is the Town Attorney.

On January 9, 2004, the Plaintiffs completed the purchase of the Parcel for the sum of $825,000. At the time of the purchase, the Parcel was located in the Town of Riverhead's Industrial A zoning use district, which prohibited retail use but permitted agricultural use. However, the Town of Riverhead had recently adopted a Comprehensive Plan which

recommended that most of the town, including the Parcel, be rezoned to Business Center, which permitted retail use and prohibited agricultural use. The rezoning took effect on October 12, 2004, when the Local Law was filed with the New York Secretary of State. The parties dispute whether the Town Board was required by Town Code § 44-6(B)(5) to submit the proposed zoning change to the Farmland Preservation Committee for review prior to enacting it.

On either October 1, 2004 (according to the Defendants) or October 2, 2004 (according to the Plaintiffs), the Plaintiffs began clearing the Parcel of trees and vegetation and filling the wetlands. On October 4th, 2004, the Plaintiffs were served with a Stop Work Order ("SWO") for the clearing of land without a permit, citing a violation of Town Code §52-8.2 "Land Clearing Permits." The SWO was signed by the Defendant Thomas. The Plaintiffs continued to clear and fill the land at least through October 5, 2004. On October 5 and October 7, 2004, the Plaintiffs were served with two additional Stop Work Orders, signed by the Defendant Barnes. The Plaintiffs were also issued a number of summonses by the Town.

### B. The State Court Action

On October 22, 2004, the Town commenced an action, <u>Town of Riverhead v. Riverhead Park Corp.</u>, Index No. 25539/2004, (N.Y. Sup. Ct.), before the Honorable Justice Joseph Farnetti, ("the State Action") against the Plaintiffs in the Supreme Court of Suffolk County. Also on October 22, 2004, the Town obtained a Temporary Restraining Order ("TRO") preventing the Plaintiffs from any further clearing, filling, or agricultural practices on the Parcel. The TRO remained in place until March 31, 2008, when the Town's motion for a preliminary injunction was denied by Justice Farnetti. On October 5, 2010, Justice Farnetti granted the motion by the Plaintiffs (the defendants in the state action) for summary judgment dismissing the complaint on

the ground that the Town lacked capacity to sue without a Town Board resolution authorizing the suit, which had not occurred.

The Town moved to vacate, reargue, and renew the decision. The motion was denied by Justice Farnetti on October 13, 2011, on the ground that the Town had failed to present new or overlooked facts or law sufficient to overturn the order. In the interim period, the Plaintiff RPC filed for bankruptcy, and the Parcel was subsequently sold by the mortgagee pursuant to the bankruptcy proceedings on October 18, 2010.

### C. The Present Action

On October 3, 2007, the Plaintiffs commenced the present suit, pursuing causes of action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, alleging conspiracy and violations of the Plaintiffs' procedural due process rights, substantive due process rights, and equal protection rights under the Fifth and Fourteenth Amendments. The Plaintiffs allege that the Defendants violated their rights through the issuance of the SWOs and summonses; the enactment of a zoning change without prior submission to the Farmland preservation committee; the Town's allegedly selective enforcement of the Town Code against the Plaintiffs; and an alleged conspiracy to deprive the Plaintiffs of the use of their property. The Plaintiffs allege each cause of action against every Defendant. On October 10, 2011, the Defendant Thomas moved for summary judgment pursuant to Fed. R. Civ. P. 56 dismissing the complaint against her individually. The Plaintiffs oppose the motion, and on November 21, 2011, the Plaintiffs cross-moved to amend the complaint to add state law and § 1983 malicious prosecution claims based on the State Action and to withdraw and eliminate the causes of action for equal protection and conspiracy. The Defendants oppose the Plaintiffs' cross-motion.

## II. DISCUSSION

## A. As to the Plaintiffs' Cross Motion to Amend

### 1. Legal Standard on a Motion to Amend

As an initial matter, because they seek to add claims based on events that occurred after the filing of the complaint, the Plaintiffs' motion is more properly classified as one for leave to serve a supplemental pleading under Fed. R. Civ. P. 15(d) ("Rule 15(d)"). Rule 15(d) states in relevant part that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). As a general matter, Rule 15(d) "reflects a liberal policy favoring a merit-based resolution of the entire controversy between the parties." Witkowich v. Gonzales, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008) (internal quotation marks and citations omitted); Residential Servs., 22 F.3d 1219, 1223–24 (2d Cir. 1994) (citations omitted).

Where, as here, the Plaintiffs seek to add related claims against the same defendants, the analysis under Rule 15(a) and Rule 15(d) is the same. See M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F. Supp. 2d 205, 222 (E.D.N.Y. 2010) ("The same standard, however, applies to both motions to amend and motions to supplement."). A court should deny leave to amend or to serve a supplemental pleading only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], ... undue prejudice to the [nonmoving party,] ... [or] futility." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603–04 (2d Cir. 2005) (applying the Foman standard to a motion to amend pursuant to Rule 15(a)); Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (applying the Foman standard to a motion to serve a supplemental pleading pursuant to Rule 15(d)). The party opposing the motion bears the burden of establishing that an amendment

5

would be prejudicial or futile.  See Blaskiewicz v. Cnty. of Suffolk, 29 F. Supp. 2d 134, 137–38 (E.D.N.Y. 1998).  Ultimately, it is "within the sound discretion of the court whether to grant leave to amend."  John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

A proposed amendment is futile if the proposed claim could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002).  Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiffs' favor.  Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 979, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007).  Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir. 1993).

Here, the Plaintiffs seek to amend their complaint to: (1) withdraw and eliminate causes of action for conspiracy and equal protection and (2) add state law malicious prosecution claims. Further, although not explicitly stated, because the Plaintiffs add language to their substantive and procedural due process claims alleging malicious prosecution under § 1983, the Court construes the motion as also seeking to add this claim.

**2. As to the Withdrawal of the Conspiracy and Equal Protection Claims**

The Plaintiffs move to amend the complaint to withdraw and eliminate their § 1985 cause of action for conspiracy (Count IV in the Complaint) and their § 1983 cause of action for

6

equal protection (Count III in the Complaint). The Defendants do not oppose this portion of the motion. As such, the Plaintiffs' motion to amend to withdraw their conspiracy and equal protection claims is granted.

### 3. As to adding the Plaintiffs' State Law Malicious Prosecution Claims

In their motion to amend, the Plaintiffs seek to add state law malicious prosecution claims against the Defendant Town and the Defendant Thomas. The Defendants argue that the Plaintiffs' motion to amend is futile because the Plaintiffs failed to file a timely notice of claim.

"Under New York law, a notice of claim must be filed in a malicious prosecution action against a municipality within ninety days from the accrual of the claim." Bertuglia v. City of New York, 839 F. Supp. 2d 703, 739 (S.D.N.Y. 2012) (citing N.Y. Gen. Mun. Law § 50–i(1); Rivera v. City of New York, 88 A.D.3d 1004, 931 N.Y.S.2d 400, 40 (2d Dep't 2011)). This requirement is also mandatory in Federal Court and failure to comply results in dismissal of claims. Yang Feng Zhao v. City of New York, 656 F. Supp. 2d 375, 404 (S.D.N.Y. 2009) (dismissing claims where the Plaintiff failed to file a timely notice of complaint).

It is undisputed that the Plaintiffs served a notice of claim upon the Defendants on January 20, 2012. The parties also do not dispute that the notice of claim was served after the ninety day period. On January 20, 2012, the Plaintiffs requested leave to file a late notice of claim from this Court.

Under New York law, courts have discretion to "extend the time to serve a notice of claim specified in paragraph (a) of subdivision one of this section." N.Y. Gen. Mun. Law § 50–e(5). However, this discretion is limited, and the "extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." Id. With regard to a malicious prosecution claim, this request "must be made within one year and ninety days

7

after the accrual of the claim" Yang Feng Zhao, 656 F. Supp. 2d at 401 (citing Pierson v. City of New York, 56 N.Y.2d 950, 954, 453 N.Y.S.2d 615, 617, 439 N.E.2d 331(1982); Armstrong v. New York Conv. Centr., 203 A.D.2d 170, 170–71, 610 N.Y.S.2d 267, 268 (1st Dep't 1994)).

The parties primarily dispute when the claim accrued. The Defendants assert that the claim arose on October 5, 2010, when the State Court granted the Plaintiffs' (the Defendants in the state case) motion for summary judgment and dismissed the case. The Plaintiffs assert that the correct date of accrual is October 13, 2011, when the State Court denied the Defendants' (the Plaintiffs in the state case) motion to vacate/reargue/renew. As set forth below, the Court finds that the October 5, 2010 date is the correct one, and that the Plaintiffs request for leave to file a late notice of claim therefore falls outside of the Court's period of discretion.

Under New York law, the cause of action for malicious prosecution accrues "when plaintiff first becomes entitled to maintain the action, (namely, when there is a determination favorable to plaintiff)." 10 Ellicott Square Court Corp. v. Violet Realty, Inc., 81 A.D.3d 1366, 1369, 916 N.Y.S.2d 705, (4th Dep't 2011) (quoting Lombardo v. County of Nassau, 6 Misc.3d 836, 840, 791 N.Y.S.2d 292 (N.Y. Sup. 2004) (collecting cases)). In civil cases, a favorable determination is the dismissal of the lawsuit. 10 Ellicott, 81 A.D.3d at 1369 ("the causes of action for malicious prosecution, abuse of process and prima facie tort accrued upon dismissal of the underlying civil lawsuits").

It is well-established under New York law that the pendency of an appeal does *not* toll the running of the limitation period for malicious prosecution. Id. ("It is long settled that those causes of action accrue "when plaintiff[s] first become[ ] entitled to maintain the action[,]i.e., when there is a determination favorable to plaintiff[s], notwithstanding the pendency of an appeal.") (quoting Lombardo, 6 Misc.3d at 840) (collecting cases)); Spinale v. Guest, 270

8

A.D.2d 39, 40, 704 N.Y.S.2d 46 (1st Dep't 2000) ("The malicious prosecution claim is time-barred because it was not commenced within one year (CPLR 215[3]) of the dismissal of the underlying ejectment action against plaintiffs, notwithstanding that an appeal was taken") (citing Lander v. Gilman, 53 Misc.2d 65, 68, 278 N.Y.S.2d 149, (N.Y. Sup. 1967)).

The Plaintiffs argue that a pending motion to vacate/reargue/renew should be distinguishable in this respect from a pending appeal. However, the Plaintiffs provide no convincing reason why this should be so, and the Court can conceive of none. The Plaintiffs' case was dismissed on the merits in their favor on October 5, 2010. Justice Farneti's Suffolk County Supreme Court decision was marked "final disposition." (Cross Motion to Amend Ex. O). From that point forward, the Plaintiffs were entitled to bring an action for malicious prosecution, notwithstanding any pending appeal or motion to vacate/reargue/renew, and the one year and ninety day limitation period began to run.

The Plaintiffs protest that had they brought their malicious prosecution claim before the denial of the Defendants' motion to vacate/reargue/renew, "the defendants would certainly be heard to lament that due to their pending motion to reargue/renew before the same Court, which could effectively overturn the dismissal, such a cause of action would not yet be ripe for review." (Pl. Rep. in Support 7). While it may seem counter-intuitive, this issue is equally applicable to malicious prosecution cases involving a pending appeal, and New York law is nonetheless clear on the matter. Lander, 53 Misc.2d at 68 ("an action to recover damages for malicious prosecution would not be prematurely commenced while an appeal was pending."); Voluntary Ben. Systems, Inc. v. Israel, No. 01-CV-8518, 2003 WL 22299211, at *4 (S.D.N.Y. Oct. 7, 2003) ("Moreover, even assuming Israel and Taylor appealed VBS's dismissal from the Prior

9

Action, VBS was free to file its malicious prosecution claim at any time during the pendency of that appeal.") (citing Marks v. Townsend, 97 N.Y. 590, 595 (1885)).

Finally, the Court notes that the filing of the motion to amend the complaint may not serve a substitute for a proper notice of claim. Yang Feng Zhao, 656 F. Supp. 2d at 403 n. 24 ("The New York cases that have uniformly rejected treating the filing in court of a complaint as a substitute or corrective notice of claim") (citing Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 61–62, 484 N.Y.S.2d 533, 534–35; Davis v. City of New York, 250 A.D.2d 368, 369–70, 673 N.Y.S.2d 79, 81 (1st Dep't 1998))

One year and ninety days from October 5, 2010 is January 3, 2012, and the Plaintiffs did not serve their late notice of claim until January 20, 2012. This puts the Plaintiffs' request for leave to file a late notice of claim outside of the Court's area of discretion. Therefore, the Plaintiffs' request for leave to file a late notice of claim must be denied, and their motion to amend the complaint to add state law malicious prosecution claims under state law is denied as futile.

**4. As to the Plaintiffs' Motion to Add Malicious Prosecution Claims under Due Process**

The Court now turns to the Plaintiffs' motion to amend to add malicious prosecution to their § 1983 procedural and substantive due process claims. In their proposed amended complaint, the Plaintiffs add language to their § 1983 substantive and procedural due process causes of action regarding the Defendants' alleged malicious prosecution. (Proposed Amended Compl. ¶ 165-166, 173-174). Although the Plaintiffs do not explicitly request to add this claim, the Court interprets this as an attempt to amend the complaint to add § 1983 malicious prosecution claims. Regardless of whether § 1983 malicious prosecution claims are barred by

10

the late notice of claim, for the reasons set forth below, the Plaintiffs' motion to amend the complaint to add § 1983 malicious prosecution claims is denied as futile.

In <u>Albright v. Oliver</u>, 510 U.S. 266, 274-275, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994), the Supreme Court held that to sustain a § 1983 action for malicious prosecution, the Plaintiff must allege Fourth Amendment violations. <u>Washington v. County of Rockland</u>, 373 F.3d 310, 316 (2d Cir. 2004) ("the Supreme Court, in a plurality opinion, determined that only violations of the Fourth Amendment could support § 1983 claims for malicious prosecution.") (citing <u>Albright v. Oliver</u>, 510 U.S. at 274–75); <u>see</u> <u>also</u> <u>Rohman v. New York City Transit Auth.</u>, 215 F.3d 208, 215 (2d Cir. 2000) ("In order to allege a cause of action for malicious prosecution under § 1983, Rohman must assert, in addition to the elements of malicious prosecution under state law, that there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.") (citing <u>Murphy v. Lynn</u>, 118 F.3d 938, 944-46 (2d Cir. 1997)); <u>Watson v. Grady</u>, No. 09-CV-3055, 2010 WL 3835047, at * 5 n. 1 (S.D.N.Y. Sept. 30, 2010) ("although Plaintiff characterizes his malicious prosecution claims as violations of the Fourteenth Amendment Due Process Clause, such claims are cognizable only under the Fourth Amendment's guarantees against unlawful seizure.").

Fourteenth Amendment due process rights are insufficient to sustain a § 1983 malicious prosecution claim. <u>Albright</u>, 510 U.S. at 266 ("We do hold that substantive due process, with its scarce and open-ended guideposts, can afford him no relief.") (internal quotations and citations omitted); <u>Kennedy-Bifulco v. Town of Huntington</u>, No. 08-CV-1612, 2010 WL 6052343, at *13(E.D.N.Y. Oct. 29, 2010) ("Because a 'complaint in a § 1983 action, predicated on a claim of malicious prosecution, must allege specifically that a Fourth Amendment violation has occurred,' plaintiff's Section 1983 claim for malicious prosecution fails as a matter of law")

(citing Oathout v. Decker, No. 99 Civ. 5868, 2000 U.S. Dist. LEXIS 12001, at *12 (S.D.N.Y. Aug. 21, 2000) ("An allegation that a person has been deprived of substantive due process under the Fourteenth Amendment ... is not a proper basis upon which to assert a § 1983 claim for malicious prosecution.")).

In the instant case, the Plaintiffs make their § 1983 malicious prosecution claims through the vehicle of Fifth and Fourteenth Amendment due process, and make no Fourth Amendment allegations. Therefore, the Plaintiffs' motion to amend to add § 1983 malicious prosecution claims is denied as futile.

## B. As to the Defendant Thomas' Motion For Summary Judgment

### 1. Legal Standard on a Motion for Summary Judgment

It is well-settled that summary judgment under the provisions of Fed. R. Civ. P. 56(c) is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" within the meaning of Fed. R. Civ. P. 56 when its resolution "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir.1995) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam), and Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d

Cir.1989)). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). However, the nonmoving party cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party. Matsushita, 475 U.S. at 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538. Summary judgment is appropriate when the moving party can show that "little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223–24 (2d Cir. 1994) (citations omitted).

### 2. As to the Allegedly Unauthorized Stop Work Order by the Defendant Thomas

As an initial matter, the Court notes that, with the withdrawal of the Plaintiffs' conspiracy and equal protection claims, and this Court's ruling denying the Plaintiffs' motion to amend to add malicious prosecution claims, the only claims that remain are the Plaintiffs' § 1983 causes of action for violations of their procedural and substantive due process rights. Although the Plaintiffs allege each cause of action against every Defendant, the Second Circuit has long recognized that plaintiffs asserting claims under § 1983 must allege the personal involvement of each defendant. Back v. Hastings On Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004) ("Additionally, '[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir.1977)).

Only direct actions may sustain a § 1983 claim, and the Plaintiffs' only remaining allegation of direct action by the Defendant Thomas is the Plaintiffs' allegation that Thomas violated their procedural and substantive due process rights when she allegedly issued an

13

unauthorized Stop Work Order ("SWO") on October 4, 2004. However, the SWOs of October 5 and 7, 2004, were issued and signed by Leroy Barnes, the Town Building Administrator. The Plaintiffs' claims regarding the Town's requirement to submit the proposed zoning changes to the Farmland Preservation Committee do not apply to the Defendant Thomas, as she is the town attorney, not a town board member.

The Plaintiffs claim that Defendant Thomas violated their due process rights when, on October 4, 2004, she issued a Stop Work Order that the Plaintiffs allege was baseless and illegal, as she was not one of the parties authorized to do so. As set forth below, because the Court finds that the Defendant Thomas has met her burden of showing she was not "personally involved," the Court need not reach the heavily disputed issue of whether the SWO was baseless or if it alleged actual violations of the Town Code.

The Town of Riverhead Code § 3-1 states:

Pursuant to the provisions of the Municipal Home Rule Law, the Building Inspector, the Zoning and Building Administrator, the Sanitation Supervisor, the Fire Marshal, the Building Permits Coordinator, the Site Plan Reviewer, the Electrical Inspector, the Housing Inspector, the Ordinance Inspector, traffic control officers, animal control officers, the Bay Constable, Town Investigator, Senior Town Investigator, Sign Inspector and persons who are certified as Code Enforcement Officials, as provided by Title 19 NYCRR Part 434, are hereby authorized to issue appearance tickets, as defined by § 150.10 of the Criminal Procedure Law, for violations of those sections of the Town Code of the Town of Riverhead over which they have jurisdiction.

The Plaintiffs correctly note that Thomas holds none of the named positions, and is not certified as a Code Enforcement Official. However, the Plaintiffs mischaracterize the nature of Thomas' actions. Thomas signed the SWO on behalf of Leroy Barnes, the town Building Administrator, who was an official authorized by Town of Riverhead Code § 3-1. Thomas signed the SWO (Complaint Ex. C) as follows:

14

/s/ Dawn C. Thomas
Leroy R. Barnes, Jr.
Building Department Administrator
By; Dawn C. Thomas, Esq.
Town Attorney

Leroy E. Barnes, in his deposition of July 16, 2008, stated that he had observed the clearing of the Parcel, and, because he was on his way out of town, he asked the Defendant Thomas to sign the already prepared SWO in his name and on his behalf. (Motion for Sum. Judgm. Ex. M). The SWO was delivered and posted by Richard Gadzinski, a Certified Code Enforcement Official. (Complaint Ex. C). The Plaintiffs do not contest these facts or submit any evidence suggesting that Thomas was issuing the SWO under her own authority as Town Attorney rather than merely signing it on Defendant Barnes' behalf.

Under New York law, "[w]here the legislature gives discretionary or quasi-judicial power to a board or agency, only the body granted the authority may exercise it." Vanderveer v. Vanrouwendaal, 89 Misc.2d 604, 606, 392 N.Y.S.2d 216 (N.Y.Sup. 1977). However, the board or agency may "by direct authority or by implication, delegate the performance of ministerial acts to an agent." Id. (citing Matter of Bizarre, Inc. v. State Liquor Authority, 29 A.D.2d 500, 289 N.Y.S.2d 75 (1968); Weinberg v. Town of Clarkstown, 78 Misc.2d 464, 357 N.Y.S.2d 332 (N.Y. Sup. 1973)). Under New York law, "[i]n any transaction where the agent is acting pursuant to a power of attorney and where the hand-written signature of the agent or principal is required, the agent shall disclose the principal and agent relationship by… any similar written disclosure of the principal and agent relationship." N.Y. Gen. Oblig. § 5-1507. In the instant case, the Court finds that the Defendant Thomas had satisfactorily disclosed that she was an agent acting on behalf of the Defendant Barnes by writing "Leroy R. Barnes, Jr…. By; Dawn C.

Thomas, Esq." Insofar as its execution via Defendant Thomas' signature on behalf of Defendant Barnes, the SWO was properly authorized and complied with Riverhead Town Code § 3-1.

The Court further finds that the Defendant Thomas' involvement in the issuance of the SWO was merely limited to signing on behalf of Defendant Barnes as his agent. The SWO of October 4, 2004 was issued under the authority of Defendant Barnes, and it is he and the Defendant Town that are the proper potentially liable parties in of the Plaintiffs' claims related to that order, not the Defendant Thomas. As previously stated, the underlying merit of the SWO is not relevant for the purposes of the Defendant Thomas' motion. In sum, the Plaintiffs do not allege any direct conduct that would satisfy the Second Circuit standard for personal involvement. Accordingly, the last remaining claim against the Defendant Thomas is dismissed, and her motion for summary judgment dismissing the complaint against her individually is granted.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that the Plaintiffs' request for leave to file a late notice of claim for malicious prosecution is denied; and it is further

**ORDERED,** that the Plaintiffs' motion to amend the complaint to add state law and § 1983 malicious prosecution claims is denied; and it is further

**ORDERED**, that the Plaintiffs' motion to amend the complaint to withdraw and eliminate causes of action for conspiracy and equal protection is granted, and it is further

**ORDERED**, that the motion by the Defendant Thomas for summary judgment dismissing the complaint against her individually is granted, and it is further

**ORDERED**, that the remaining parties are directed to appear before the Court on September 6, 2012, at 9:00am, to set a date for trial on the Plaintiffs' remaining claims, and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption as follows:

```
------------------------------------------------------------X
RIVERHEAD PARK CORP., STANLEY
BLUMENSTEIN and LAURENCE OXMAN,

                Plaintiffs,

        -against-

PHILIP CARDINALE, individually, GEORGE
BARTUNEK, individually, BARBARA BLASS,
individually, LEROY E. BARNES, individually,
ROSE SANDERS, individually, and THE
TOWN OF RIVERHEAD,

                Defendants.
------------------------------------------------------------X
```

**SO ORDERED.**

Dated: Central Islip, New York
       July 26, 2012

                                                      ___*/s/ Arthur D. Spatt*_____
                                                       ARTHUR D. SPATT
                                                United States District Judge